UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle A. Baker,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Cenlar FSB, CitiMortgage, Inc., and Christian Bank & Trust,<br><br>　　　　　　Defendants. | Case No. 20-cv-0967 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. No. 8] and Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss [Doc. No. 14]. The motion was referred to the undersigned for report and recommendation by the Honorable John R. Tunheim [Doc. No. 23]. The Court recommends that CitiMortgage's motion be granted and Baker's motion to dismiss be denied.

**I.   Background**

Plaintiff Michelle Baker has named on the caption of the Complaint three entities as Defendants: (1) Cenlar FSB (Cenlar); (2) CitiMortgage, Inc. (CitiMortgage); and (3) Christian Bank & Trust as Trustee for Securitized Trust Citigroup Mortgage Loan Trust Inc. 2015-PS1 Trust, Mortgage Electronic Registration System (Christian Bank & Trust). (Compl. at 1 [Doc. No. 1].) However, she names only Cenlar FSB in the list of Defendants in the body of the Complaint. (Compl. ¶ 3.) Baker's allegations are succinct.

1

Baker alleges that she is not the owner of certain real property on which Cenlar is attempting to foreclose and that Cenlar publicized a notice of foreclosure in her name after it received notice she was not the property owner. (Compl. ¶ 7.1.) Baker further alleges that Cenlar and its attorney used her trademarked name after she warned them not to. (Compl. ¶ 7.2.) There are no allegations against CitiMortgage. Baker asks the Court to cancel the foreclosure and to award money damages. (Compl. at 5.)

Exhibit A to the Complaint contains a letter from Baker to Cenlar's attorney, Craig M. Barbee, dated March 30, 2020, explaining that Baker had mistakenly opened a letter from his law firm and warning Mr. Barbee and his firm not to use her trademarked name without consent. (Compl. Ex. A at 3 [Doc. No. 1-1].) Exhibit A also contains a copy of a mortgage foreclosure notice dated May 5, 2020, naming Baker as the mortgagor; naming Mortgage Electronic Registration Systems, Inc., as nominee for CitiMortgage; and identifying CitiMortgage as the lender or broker and mortgage originator. (*Id.*) Cenlar is identified on the notice as the mortgage servicer. (*Id.*)

Cenlar filed an answer to the complaint on May 14, 2020. [Doc. No. 6.] CitiMortgage filed a motion to dismiss, seeking dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A summons was issued for Christian Bank & Trust [Doc. No. 2] but has not been returned as executed, and Christian Bank & Trust has not filed an answer or otherwise appeared.

CitiMortgage seeks dismissal because the Complaint contains no allegations against it. CitiMortgage also notes that Baker is a repeat pro se litigant who has filed two previous lawsuits against it: *Baker v. CitiMortgage, Inc.*, No. 16-cv-1103 (DSD/JSM) (D.

Minn. filed April 27, 2016) (*Baker I*); and *Baker v. CitiMortgage, Inc.*, No. 17-cv-2271 (SRN/KMM) (D. Minn. filed June 26, 2017) (*Baker II*). Both cases were dismissed with prejudice. *Baker I*, No. 16-cv-1103 (DSD/JSM), slip op. at 10–11 (D. Minn. Sept. 7, 2016); *Baker II*, No. 17-cv-2271 (SRN/KMM), slip op. at 21 (D. Minn. Apr. 18, 2018). From the filing and disposition dates of those cases, it is reasonable to infer that neither case involved the March 30, 2020 letter or the May 5, 2020 notice of foreclosure sale at issue in this case.

In Baker's response to CitiMortgage's motion to dismiss, which she captioned a "Motion to Dismiss Defendant's Motion to Dismiss," Baker alleges that Cenlar and CitiMortgage did not satisfy Minnesota Statute § 580.03, which states that notice must be served on the person in possession of the mortgaged premises. (Pl.'s Mot. Dismiss at 2 [Doc. No. 14].) Baker concedes she has possession of the property, but only as a tenant, not an owner. (*Id.*) Baker further alleges that her rights under Minnesota Statute § 580.07 were violated because only the owner of property can file an affidavit of postponement, which must be submitted to the county with the notice of sale with the owner's name on the document. (*Id.*)

CitiMortgage did not respond to Baker's arguments that it did not serve notice of the foreclosure sale as required by § 580.03 and that only a property owner may file an affidavit of postponement under § 580.07 in its reply memorandum. [Doc. No. 20.] It simply reiterated its original arguments for dismissal.

At oral argument on the motion, Baker conceded that CitiMortgage should be dismissed from the case if it is not claiming any interest in the property.

3

## II. Discussion

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, the complaint does not contain sufficient factual matter to state a plausible claim against CitiMortgage. That said, Baker's response to the motion to dismiss can be construed as a motion to amend the Complaint. Therefore, the Court recommends that CitiMortgage's motion to dismiss be granted, but that Baker be given leave to file an amended complaint. Specifically, the Court recommends that Baker be given fourteen days from the date of the District Court's order in which to file an amended complaint that includes her previous allegations against Cenlar and that expounds on her claims against CitiMortgage. Because CitiMortgage did not address Baker's arguments made in her response to the motion to dismiss, the Court cannot evaluate the futility of such amendments, although CitiMortgage would be free to file a new motion to dismiss to

4

challenge the adequacy of the claims against it in any amended complaint. Finally, in light of the Court's recommendation that Baker be given leave to file an amended complaint and the different facts underlying this case and Baker's prior two cases against CitiMortgage, the Court recommends that the dismissal be without prejudice.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. No. 8] be **GRANTED**;

2. Plaintiff Michelle A. Baker be given fourteen days from the date of the District Court's order in which to file, should she so choose, an amended complaint that includes her previous allegations against Cenlar and that expounds on her claims against CitiMortgage;

3. Dismissal of Plaintiff's claims against CitiMortgage be **WITHOUT PREJUDICE**; and

4. Plaintiff Michelle A. Baker's Motion to Dismiss Defendant's Motion to Dismiss [Doc. No. 14] be **DENIED**.

Dated: September 29, 2020         *s/ Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).