UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHELLE A. BAKER,

               Plaintiff,        Civil No. 20-967 (JRT/HB)

v.

                           **ORDER GRANTING DEFENDANT'S**
CENLAR FSB,                 **MOTION FOR SUMMARY JUDGMENT**

               Defendant.

Michelle A. Baker, 16167 Northwest Unity Street, Andover, MN 55304, *pro se* plaintiff.

Orin J. Kipp, **WILFORD GESKE & COOK, PA**, 7616 Currell Boulevard, Suite 200, Woodbury, MN 55125, for defendant.

Plaintiff Michelle Baker has not made a payment on her mortgage since 2014. In 2020, Cenlar FSB ("Cenlar"), the mortgage servicer, initiated foreclosure proceedings on the underlying property. Baker brought suit against Cenlar, claiming that the foreclosure was wrongful and requesting damages.

Baker alleges that the foreclosure was illegal because (1) Cenlar did not have the right to foreclose on behalf of the mortgage owner, CitiMortgage, and (2) Baker mailed Cenlar a "negotiable instrument" which she asserts discharged her obligation under the mortgage. Additionally, because Baker has a registered trademark for her name, Michelle Anitea Baker, and Cenlar published a notice of the foreclosure using her name, she alleges Cenlar infringed on her mark. The Court will grant Cenlar's Motion for Summary

Judgment because Cenlar, as the mortgage servicer, was entitled to foreclose on the property, Baker's negotiable instrument was an invalid form of payment, and Cenlar did not infringe on Baker's trademark.

## BACKGROUND

### I. FACTUAL BACKGROUND

In 2010, Baker entered into a mortgage agreement with CitiMortgage, Inc. (Aff. of Diane McCormick, Ex. 1 ("Mortgage"), Sep. 1, 2021, Docket No. 52.) The underlying property is located at 16167 Unity Street NW, Andover, MN 55304. (*Id.* at 3.) Baker has not made a mortgage payment since 2014. (McCormick Aff., at ¶ 2.) In 2019, CitiMortgage transferred the rights and responsibilities of servicing Baker's mortgage to Cenlar. (Aff. of Orin Kipp, Ex. 1, Oct. 6, 2021, Docket No. 61.) In March 2020, Cenlar began foreclosure proceedings.[1] (*Id.* Ex. 2.) As of August 13, 2021, Baker owed $181,088.16 on the mortgage, and the amount required to reinstate the mortgage was $82,793.80. (McCormick Aff., at ¶¶ 5–6.)

In 2019, prior to the initiation of the foreclosure proceedings, Baker mailed Cenlar a package containing what Baker referred to as a "negotiable instrument." (Pl.'s Resp. in Opp. to Summ. J., at 4, Sep. 22, 2021, Docket No. 56.) The "negotiable instrument" was accompanied by a letter of special instructions on how to process the instrument and

---

[1] Cenlar claims that the foreclosure proceeding was cancelled on April 10, 2020. (Def.'s Reply Br., at 2, Oct. 6, 2021, Docket No. 60.) However, nothing in the record supports that assertion.

access the $185,000 it purported to represent. (Pl.'s Ex. List, Ex. C, Sept. 22, 2021, Docket No. 57.) Baker describes the "negotiable instrument" as a special deposit, reverse wire, and payment order. (*Id.*) The package was sent via certified mail and delivered on August 5, 2019. (*Id.*) Cenlar asserts that, if it received Baker's package, it would have discarded it because the "negotiable instrument" is not an acceptable or recognized form of payment. (McCormick Aff., ¶¶ 3–4.)

Additionally, Baker owns a trademark for her name, Michelle Anitea Baker. (Pl.'s Ex. List, Ex. D.) Cenlar allegedly published notice of the foreclosure sale in an Anoka newspaper using Baker's name. (Pl.'s Resp. in Opp. at 5.)[2] Afterward, Baker claims to have sent Cenlar a letter requesting removal of her name from the notice because the name is trademarked, and the foreclosure was illegal. (Id. 5–6.)[3]

## II. PROCEDURAL HISTORY

Baker initiated this action against Cenlar, Christian Bank & Trust, and CitiMortgage, Inc. on April 16, 2020. (Complaint, April 16, 2020, Docket No. 1.) Cenlar answered the Complaint and CitiMortgage moved to dismiss the Complaint on the grounds that it included no allegations that named or pertained to CitiMortgage. (Mem. Supp. Mot. Dismiss at 6, May 22, 2020, Docket No. 10.) The Court granted CitiMortgage's motion to dismiss and permitted Baker to amend her Complaint against Cenlar and expound on her

---

[2] Cenlar does not contest this fact and argues that doing so did not infringe Baker's trademark. (Def.'s Mot. in Supp. of Summ. J., at 6, Sep. 1, 2021, Docket No. 50.) However, neither party proffered direct evidence of the publication.

[3] There is no record of the letter Baker claims to have sent.

claims against CitiMortgage. (Ord. Adopting R&R, Nov. 25, 2020, Docket No. 29.) Baker filed an Amended Complaint alleging trademark and illegal foreclosure claims against Cenlar alone. (Am. Compl., Dec. 8, 2020, Docket No. 30.) After brief discovery, Cenlar moved for summary judgment on the Amended Complaint. (Mot. Summ. J., Sep. 1, 2021, Docket No. 49.)

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)).

When considering a summary judgment motion, pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than

formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II. ANALYSIS

### A. Illegal Foreclosure

Baker asserts that Cenlar's foreclosure on the mortgage was illegal for two reasons: (1) Cenlar did not have the right to foreclose on behalf of CitiMortgage; and (2) Plaintiff's "tender of payment" satisfied her obligations under the mortgage.[4]

Baker's first argument is misguided. A mortgage servicer is permitted to manage a mortgage for the mortgage note owner, including collecting on the mortgage and foreclosing where appropriate. Minn. Stat. § 58.02, subd. 20–22; Minn. Stat. §§ 58.03–58.04. Here, CitiMortgage holds the mortgage note for the property and Cenlar is the mortgage servicer. Thus, Cenlar had the right to foreclose the mortgage on behalf of CitiMortgage.

Baker also asserts that Cenlar's failure to return the "negotiable instrument" constitutes acceptance of it in satisfaction of her mortgage obligation. However, her

---

[4] In her Amended Complaint, Baker argued that the foreclosure was illegal because she did not own the property. (Am. Compl., at ¶ 4.) However, Baker does not mention that argument in her briefing, supply any evidence supporting it, or raise any argument relating to it. Therefore, the Court will summarily reject the argument. *Anderson*, 477U.S. at 249 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").

5

argument is mistaken and rests on authority that is not applicable. First, Baker infers that Cenlar violated the Check Clearing for the 21st Century Act by disposing of the "negotiable instrument." But the Act pertains to substitute checks, and the "negotiable instrument" is not a substitute check. 12 U.S.C. §§ 5001(b), 5002(16). Second, Baker argues that failure to return the payment she tendered violates U.C.C. § 3-603 even if that payment was invalid. However, U.C.C. § 3-603 pertains to the rights of "an indorser or accommodation party" not to the party making the tender. U.C.C. § 3-603; *see also Moseley v. CitiMortgage, Inc.*, 2015 WL 728655 at *3 (W.D. Wash. Feb. 19, 2015) (holding that "the party making the tender can have no right of recourse" under U.C.C. § 3-603).

Baker does not show, nor can the Court determine that the "negotiable instrument" was a valid or recognized form of payment. As such, there is insufficient evidence to demonstrate that Baker satisfied her mortgage obligation. Therefore, the Court will grant the Cenlar's Motion for Summary Judgment on Baker's illegal foreclosure claim.

### B. Trademark

Baker asserts that Cenlar violated her trademark by publishing a notice of foreclosure that included the name Michelle A. Baker. State law requires Cenlar to publish notice and name the mortgagor six weeks prior to a foreclosure sale. Minn. Stat. §§ 580.03, 580.04. Cenlar's compliance with state law did not infringe on Baker's mark in any manner. To establish trademark infringement, a plaintiff must show that the

defendant's use of its mark creates a likelihood of consumer confusion. *KP Perm. Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121 (2004). Baker has made no such showing and Cenlar is simply following state law. Therefore, the Court will grant Cenlar's Motion for Summary Judgment on Baker's trademark claim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Cenlar's Motion for Summary Judgment [Docket No. 49] is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 1, 2022
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                                   Chief Judge
                                  United States District Court